[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10415
This is an application to compel arbitration under an uninsured motorist provision of the policy issued by the defendant.
The answer of the defendant in this case essentially admits that the policy in question provided coverage subject only to definitions, conditions and exclusions in the policy. (See Paragraph 2 of the Answer). The defendant, by way of Special Defense, also alleged that the issues raised by the plaintiff in her application are coverage issues which must be resolved in the arbitration hearing.
The defendant at the hearing submitted that the issue of the qualifications or the challenge to one of the arbitrators be left to the arbitration panel already selected.
The parties have agreed to the arbitration under the terms of the policy. The defendant now after the agreement requests an examination under oath, medical authorization and subsequent physical examinations pursuant to its insurance policy entitled "Duties After Loss."
This court has previously ruled in Saad v. Colonial Penn, No. 107462 (Superior Court, Judicial District of Waterbury, July 1, 1992)
 "that Respondent by requesting a deposition is attempting to inject formal discovery methods in the relatively informal arbitration proceedings. A review of Respondent insurance policy indicates that there is no provision whatsoever for discovery in an arbitration proceeding. It has long been held arbitration is a contractual remedy designed to expedite dispute resolution. [Internal quotes and citations omitted]. If the Respondent were allowed to utilize these formal discovery methods, arbitrators advantage as a speedy alternative to dispute would be greatly diminished. The primary purpose of arbitration is to secure prompt settlement of the parties without protracted expensive litigation. [Internal citations omitted]."
CT Page 10416
In Saad, the Court sustained the objection to a notice of deposition and ordered arbitration. The Court in Saad further stated that any questions of coverage is left to the arbitrators.
The arbitration clause in the subject policy 11.G "if we an insured do not agree (1) Whether a person is legally entitled to recover damages under Part C; or (2) As to the amount of damages then the matter may be arbitrated. However both parties must agree to arbitration." It further provides (1) Whether the "insured" is legally entitled to recover damages and (2) the amount of damages.
In this case the parties have already agreed to arbitration and accordingly the arbitrators were already selected. It will be for the arbitrators now to determine under the arbitration clause whether the plaintiff is entitled to recover damages and the amount of damages.
Taking a deposition under the guise of the requirement to provide a written statement under oath before arbitration or during arbitration would only create delay and the purpose for a speedy resolution would be defeated.
The defendant in this case asserts that failure on the part of the plaintiff to undergo an examination under oath or to get an independent medical examination at this time is a breach of a condition in the contract and therefore coverage under uninsured provisions of the contract are forfeited.
In Gaudet v. Safeco Ins. Co., 219 Conn. 391, 392, the court held that in an action to compel arbitration all issues that maybe characterized as issues of coverage shall be determined by the arbitration panel. Under General Statutes 52-410 in order to compel arbitration under uninsured motorist coverage the claimant need only prove (1) the policy was in effect at the time of the accident, (2) the policy provides for arbitration, (3) the person is in the covered class, and (4) the insurer has refused to pay the claim under uninsured coverage. The court stated in Gaudet that "an issue of insurance coverage is a question for an arbitrator to decide in the first instance. It is for the court to first decide whether the claim involves a coverage dispute and only if the answer to that question is in the negative should the court decide the merits of the respondent's claim. See Safeco v. Gaudet, supra, pp. 399-400. CT Page 10417
Accordingly, whether there is a breach of the contract on the part of the plaintiff so as not to comply with the conditions of the contract and to forfeit coverage is left to the arbitration panel. Pretrial discovery is not available under our present statutes for arbitration of insured claims and to maintain the spirit intended by the legislature for early resolution of uninsured disputes the court precludes pretrial discovery in this case. In Travelers Ins. Co. v. Jeannine Falsetti, Superior Court, Judicial District of Fairfield at Bridgeport, No. 237009, April 13, 1987), Judge Spear stated: "There is no compelling reason for taking a deposition in advance of the arbitration meeting as the expert will be available to testify. The legislature did not intend for such arbitration proceedings to include lengthy and time consuming pretrial discovery proceedings."
Accordingly, the parties are ordered to proceed to arbitration and all questions as to coverage and compliance with the contract are left to the arbitration panel.
Frank S. Meadow State Trial Referee